**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4934**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BRYANT WILLIAM REED,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:08-cr-00276-BO-1)

───────────

Submitted:  June 1, 2010              Decided:  July 26, 2010

───────────

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

───────────

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North
Carolina, for Appellant.  Anne Margaret Hayes, William Miller
Gilmore, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant William Reed pled guilty, pursuant to a plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (2006); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006); and possession of ammunition after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). Prior to sentencing, the Government moved for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2008). The district court sentenced Reed to a total of 260 months of imprisonment, which was below the Guidelines range.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that there are no meritorious issues for appeal, but questions whether the sentence is procedurally unreasonable because the district court failed to adequately explain how the sentence provided Reed with individualized sentencing based on accurate facts. In his pro se supplemental brief, Reed asserts that counsel was ineffective and that he did not commit a robbery and is not guilty of the § 924(c) charge, but pled guilty on counsel's advice. The Government has moved to dismiss Reed's appeal based upon a waiver of appellate rights in his plea agreement.

2

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68. In this case, Reed does not assert that his waiver was not voluntary, and our review of the record leads us to conclude that Reed's waiver of his right to appeal was knowing and voluntary and should be enforced to preclude any review of potential sentencing error. Reed's waiver does not, however, include a waiver of his right to

3

appeal his conviction, or to assert claims of ineffective assistance of counsel.

Our review of the record leads us to conclude that the claims that can be discerned from Reed's pro se supplemental brief do not entitle him to relief. To the extent he claims ineffective assistance of counsel, such claims are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. In this case, the record does not conclusively show that counsel's performance was deficient. To the extent that Reed claims he is actually innocent of the § 924(c) charge, his claim is squarely contradicted by his statements in the plea hearing, his signature on the plea agreement, and his allocution at sentencing.

Accordingly, we deny the Government's motion to dismiss in part and affirm Reed's conviction. We grant the motion to dismiss with regard to any potential sentencing error that may be revealed by our review pursuant to Anders. In

4

accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are not encompassed by the appeal waiver. This court requires that counsel inform Reed, in writing, of the right to petition the Supreme Court of the United States for further review. If Reed requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
AND DISMISSED IN PART

5